**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FLOWER MOUND DERMATOLOGY, P.A., | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. _____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| NICOLE REED MEDICAL, PLLC d/b/a | § | |
| CENTER FOR DERMATOLOGY AND | § | |
| COSMETIC LASER SURGERY and d/b/a | § | |
| DERMATOLOGY CENTER OF PLANO; | § | |
| ROBERT SELKIN; BRYAN SELKIN; | § | |
| GILBERT SELKIN; and GOOGLE, INC. | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

NOW COMES, Plaintiff FLOWER MOUND DERMATOLOGY, P. A., complaining of Defendants NICOLE REED MEDICAL, PLLC d/b/a CENTER FOR DERMATOLOGY AND COSMETIC LASER SURGERY and d/b/a DERMATOLOGY CENTER OF PLANO, ROBERT SELKIN, BRYAN SELKIN, GILBERT SELKIN and GOOGLE, INC. (collectively "Defendants") in this its Plaintiff's Original Complaint and for cause of action would respectfully show unto the Court as follows, to-wit:

**I.  PARTIES**

1.      Plaintiff Flower Mound Dermatology, P.A., (hereinafter "Plaintiff") is a professional association duly organized and existing under the laws of the State of Texas, having its principal place of business at 3821 Long Prairie Road, Flower Mound, Texas 75028.

2.      Defendant Nicole Reed Medical, PLLC, d/b/a Center for Dermatology and Cosmetic Laser Surgery, and d/b/a Dermatology Center of Plano (hereinafter "Nicole Reed Medical") is a professional limited liability company duly organized and existing under the laws of the State of Texas, having its principal place of business at 5044 Tennyson Parkway, Suite B, Plano, Texas 75024 and may be served by delivering a copy of the Summons and Complaint herein to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process.  Alternatively, Defendant Nicole Reed Medical may be served with process by servicing its registered agent Curtis R Swinson at 12222 Merit Drive, Suite 1000, Dallas, Texas 75225.

3.      Defendant Robert Selkin is a natural person and resident of the State of North Carolina and may be served with summons at his place of residence located at 8604 Trethorne Ct, Waxhaw, North Carolina 28173.

4.      Defendant Bryan Selkin is a natural person and resident of the State of Texas and may be served with summons at his place of residence located at 5517 Gleneagles Dr, Plano, Texas 75093 or at his place of employment located at 5044 Tennyson Parkway, Suite B, Plano, Texas 75024.

5.      Defendant Gilbert Selkin is a natural person and resident of the State of Texas and may be served with summons at his place of residence located at 4824 Pyramid Dr, Plano, Texas 75093 or at his place of employment located at 5044 Tennyson Parkway, Suite B, Plano, Texas 75024.

6.      Defendant Google, Inc. (hereinafter "Google") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043 and may be served by delivering

a copy of the Summons and Complaint herein to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process. Alternatively, Defendant Google may be served with process by servicing its registered agent Corporation Service Company d/b/a Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.  JURISDICTION

7.     The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction over trademark actions), 28 U.S.C. § 1338(b) (unfair competition claim joined with a substantial and related claim under the trademark laws), and 15 U.S.C. § 1121(a) because this action arises under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §§ 1051, *et seq*.  The Court also has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the state law claims arise out of the same operative facts as the federal claims.  This Court has personal jurisdiction over Defendants because Defendants reside and/or have their principal place of business in this district and jurisdiction.  Personal jurisdiction is also proper over Defendants because Defendants sell and offer for sale goods and/or services, and otherwise conducts business in Texas, including in this judicial district.

## III.  VENUE

8.     Venue is this district is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside within this district, transact business within this district, and offer for sale in this district goods and/or services in a manner that infringe Plaintiff's service mark.  In addition,

Plaintiff has suffered harm in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## IV.  AGENCY & RESPONDEAT SUPERIOR

9.     Whenever in this Complaint it is alleged that Defendants did, or failed to do, any act, thing and/or omission, it is meant that Defendants themselves or their agents, officers, servants, employees, vice principals, or representatives either did or failed to do such act, thing and/or omission, and it was done with the full authorization or ratification of Defendants, and/or done in the normal routine, course and scope of the agency or employment of the Defendants or their agents, officers, servants, employees, vice principals, or representatives and/or with actual and/or apparent authority of the Defendants.

## V.  FACTS COMMON TO ALL CLAIMS

10.     On or about July of 2003, Plaintiff began using the mark FLOWER MOUND DERMATOLOGY$^{®}$ (hereinafter the "mark" or "Plaintiff's mark") in U.S. commerce in connection with medical services, namely, dermatological services.

11.     Plaintiff has used the mark continuously since 2003 and is currently using the mark.

12.     As a result of its prominent use of its mark in combination with the high quality of its goods and services, Plaintiff has built immense goodwill with the public and specifically with its customers and potential customers as the pubic has come to identify Plaintiff through the mark.  By providing top quality goods and services to the public since 2003, Plaintiff has amassed a large amount of goodwill in its mark.

13.     On July 26, 2011, the United States Patent & Trademark Office (hereinafter "USPTO") duly and lawfully issued a service mark registration on its principal register for the

mark, assigning it Reg. No. 4,002,089 and naming Plaintiff as the owner of the mark. *See* Exhibit 1 attached hereto and included herein for all purposes.

14.     Plaintiff's federal registration of the mark constitutes *prima facia* evidence that the mark is valid and that Plaintiff is entitled to exclusive use of the mark in commerce throughout the United States for goods and services relating to medical services, namely, dermatological services.

15.     Defendant Nicole Reed Medical provides goods and services in the medical industry, specifically dermatological services.

16.     Defendants are not affiliated with Plaintiff nor have Defendants licensed their use of Plaintiff's mark.  Use by Defendants of Plaintiff's mark is totally and completely unauthorized by Plaintiff.

17.     In the latter part of 2010, a representative of Plaintiff became aware that Defendant Nicole Reed Medical had begun to use the mark in advertisements in connection with dermatological services.

18.     On December 2, 2010, Plaintiff, through its legal counsel, sent Defendant Nicole Reed Medical a cease-and-desist letter, demanding that it cease-and-desist use of the mark and remove the mark from all of its advertising material. *See* Exhibit 2 attached hereto and included herein for all purposes.

19.     On December 14, 2010, Mr. Johnson, a practice manager at Defendant Nicole Reed Medical, sent Plaintiff's counsel a letter stating that Defendant Nicole Reed Medical would comply with Plaintiff's demands. *See* Exhibit 3 attached hereto and included herein for all purposes.

20.     Because Defendant Nicole Reed Medical complied with Plaintiff's December 2, 2010, demand letter, Plaintiff took no further legal action against Defendant Nicole Reed Medical at that time.

21.     On or about April of 2012, again a representative of Plaintiff became aware that Defendant Nicole Reed Medical had begun to use the mark in advertisements in connection with dermatological services.

22.     More specifically, Defendant Nicole Reed Medical had begun using the mark in connection with dermatological services via Internet advertisements using Google's Adwords Program such that Defendant Nicole Reed Medical's domain name and hyperlink to its website appeared directly below its use of the mark in the advertisement.

23.     In so doing, web users would see Plaintiff's mark FLOWER MOUND DERMATOLOGY® advertised by Defendant Nicole Reed Medical along with Defendant Nicole Reed Medical's domain name dermatologycenterplano.com directly under the mark such that a link was provided to Defendant Nicole Reed Medical's website, thereby leading to consumer confusion as consumers were misled into believing that Defendant Nicole Reed Medical was actually Plaintiff or was affiliated, connected or associated with Plaintiff, or that Plaintiff sponsored or approved of Defendant Nicole Reed Medical's services.  Furthermore, web users were able to click on the link and be sent directly to Defendant Nicole Reed Medical's website, thereby allowing Defendant Nicole Reed Medical to profit from using Plaintiff's mark as web users would purchase products or schedule an appointment with Defendant Nicole Reed Medical.

24.     On April 12, 2012, again Plaintiff, through its legal counsel, sent Defendant Nicole Reed Medical a cease-and-desist letter, demanding that it cease-and-desist use of the

mark and remove the mark from all of its advertising material, specifically from Google's Adwords Program. *See* Exhibit 4 attached hereto and included herein for all purposes.

25.     On May 31, 2012, Defendant Nicole Reed Medical's legal counsel notified Plaintiff's legal counsel that Defendant Nicole Reed Medical would comply with Plaintiff's demands. *See* Exhibit 5 attached hereto and included herein for all purposes.

26.     Because Defendant Nicole Reed Medical complied with Plaintiff's April 12, 2012, demand letter, Plaintiff took no further legal action against Defendant Nicole Reed Medical at that time.

27.     On or about March of 2014, a representative of Plaintiff once again became aware that Defendant Nicole Reed Medical had begun to use the mark in advertisements in connection with dermatological services.

28.     More specifically, similar to its actions in 2012, Defendant Nicole Reed Medical has begun using the mark in connection with dermatological services via Internet advertisements using Google's Adwords Program such that Defendant Nicole Reed Medical's domain name and hyperlink to its website dermatologycenterplano.com appear directly below its use of the mark in the advertisement. *See* Exhibit 6 attached hereto and included herein for all purposes.

29.     As a result, web users see Plaintiff's mark FLOWER MOUND DERMATOLOGY® advertised with Defendant Nicole Reed Medical's domain name dermatologycenterplano.com, which appears directly under the mark such that a link is provided to Defendant Nicole Reed Medical's website.

30.     When a web user sees the FLOWER MOUN DERMATOLOGY® service mark advertised by Defendant Nicole Reed Medical and a link to Defendant Nicole Reed Medical's website, the web user is misled into believing that Defendant Nicole Reed Medical is actually

Plaintiff or is affiliated, connected or associated with Plaintiff, or that Plaintiff sponsors or approves of Defendant Nicole Reed Medical's services.

31.     The web user will click on the hyperlink and will be taken directly to Defendant Nicole Reed Medical's website.

32.     Then, the web user may book an appointment with Defendant Nicole Reed Medical thinking that it has booked an appointment with FLOWER MOUND DERMATOLOGY®, thereby causing initial interest confusion.

33.     On March 11, 2014, once again Plaintiff, through its legal counsel, sent Defendant Nicole Reed Medical a cease-and-desist letter, demanding that it cease-and-desist use of the mark and remove the mark from all of its advertising material, specifically from Google's Adwords Program. *See* Exhibit 7 attached hereto and included herein for all purposes.

34.     After receiving Plaintiff's March 11, 2014, demand letter, a representative of Defendant Nicole Reed Medical, Defendant Robert Selkin, communicated to Plaintiff's counsel that Defendant Nicole Reed Medical contends that it is not responsible for any service mark infringement because Defendant Google is publishing the Adwords Program advertisements of which Plaintiff complains without Defendant Nicole Reed Medical's consent.

35.     On March 28, 2014, pursuant to Defendant Google's Adwords Trademark Policy, Plaintiff, through its legal counsel, submitted a Complaint to Defendant Google, requesting that Defendant Google investigate Defendant Nicole Reed Medical's use of Plaintiff's mark in its Adwords Program and thereafter restrict such use. *See* Exhibit 8 attached hereto and included herein for all purposes.

36.     On April 1, 2014, Plaintiff's legal counsel received an email from Defendant Google through a representative named Laura, stating that it would not process the Complaint

and advised Plaintiff to contact the advertiser (Defendant Nicole Reed Medical) directly. *See* Exhibit 9 attached hereto and included herein for all purposes.

37.     On April 2, 2014, Plaintiff, through its legal counsel, sent Defendant Google an email, requesting that it reconsider its refusal and notifying it that its refusal to act may constitute unlawful action to which Plaintiff may seek legal redress. *See* Exhibit 10 attached hereto and included herein for all purposes.

38.     On April 7, 2014, Defendant Google through the representative named Laura stood by its refusal. *See* Exhibit 11 attached hereto and included herein for all purposes.

39.     Defendant Google is advertising Plaintiff's mark in connection with medical services, namely, dermatological service, without Plaintiff's authorization

40.     More specifically, Defendant Google has begun using the mark in connection with dermatological services via Internet advertisements such as its Adwords Program.

41.     Therefore, web users see Plaintiff's mark FLOWER MOUND DERMATOLOGY® and Defendant Nicole Reed Medical's domain name advertised with the assistance of Defendant Google, thereby causing web users to be misled about the affiliation, connection or association of others with Plaintiff, or of the approval or sponsorship of Plaintiff.

42.     Defendant Google is participating in Defendant Nicole Reed Medical's tortious act of wrongful infringement of Plaintiff's mark.  As such, Defendant Google is liable for the tortious actions committed in the infringement of Plaintiff's mark.

43.     Defendant Google is participating in the cause of the initial interest confusion and in the infringement of Plaintiff's mark.

44.     Upon information and belief, Defendant Bryan Selkin is a dermatologist, officer, director and/or manager of Defendant Nicole Reed Medical.

45.     Upon information and belief, Defendant Bryan Selkin directed and/or participated in Defendant Nicole Reed Medical's tortious act of wrongful infringement of Plaintiff's mark. As such, Defendant Bryan Selkin is personally liable for the tortious actions committed by Defendant Nicole Reed Medical in the infringement of Plaintiff's mark.

46.     On information and belief, Defendant Byran Selkin has known about Plaintiff's rights in its mark since 2010.  Therefore the infringement that has occurred and is occurring is willful and in bad faith.

47.     Upon information and belief, Defendant Gilbert Selkin is a dermatologist, officer, director and/or manager of Defendant Nicole Reed Medical.

48.     Upon information and belief, Defendant Gilbert Selkin directed and/or participated in Defendant Nicole Reed Medical's tortious act of wrongful infringement of Plaintiff's mark.  As such, Defendant Gilbert Selkin is personally liable for the tortious actions committed by Defendant Nicole Reed Medical in the infringement of Plaintiff's mark.

49.     On information and belief, Defendant Gilbert Selkin has known about Plaintiff's rights in its mark since 2010.  Therefore the infringement that has occurred and that is occurring is willful and in bad faith.

50.     Upon information and belief, Defendant Robert Selkin is a dermatologist, officer, director and/or manager of Defendant Nicole Reed Medical.

51.     Upon information and belief, Defendant Robert Selkin directed and/or participated in Defendant Nicole Reed Medical's tortious act of wrongful infringement of Plaintiff's mark.  As such, Defendant Robert Selkin is personally liable for the tortious actions committed by Defendant Nicole Reed Medical in the infringement of Plaintiff's mark.

52.     On information and belief, Defendant Robert Selkin has known about Plaintiff's rights in its mark since 2010.  Therefore the infringement that has occurred and is occurring is willful and in bad faith.

53.     Defendant Nicole Reed Medical has known about Plaintiff's rights in its mark since 2010.  Therefore the infringement that has occurred and that is occurring is willful and in bad faith.

54.     Defendant Google has been notified of Plaintiff's rights in its mark but has repeatedly refused to take any action to stop the infringement (or even conduct an investigation).  Thus, the ongoing infringement by Defendant Google is willful and in bad faith.

55.     March of 2014 is the third time in four (4) years that Defendant Nicole Reed Medical has infringed on Plaintiff's mark.  In the previous two times, Defendant Nicole Reed Medical has ceased the infringement after receiving a cease-and-desist letter, but this last time beginning on or about March of 2014, Defendant Nicole Reed Medical has refused to stop, citing Defendant Google's responsibility.

56.     Defendant Google has refused to cease-and-desist infringement of Plaintiff's mark, citing Defendant Nicole Reed Medical's responsibility.

57.     Therefore, while Plaintiff's rights in its mark are being infringed, the infringing parties are pointing the finger at each other.

58.     Through significant efforts, skill and experience, Plaintiff has acquired and now enjoys substantial goodwill and a valuable reputation under its mark.  The maintenance of high standards of quality and excellence for its goods and services has contributed to this valuable goodwill and reputation.

59.     Defendants have marketed and sold and are marketing and selling products and services in direct competition with Plaintiff.

60.     Defendants have knowingly, willfully and deliberately infringed Plaintiff's registered trademark.

61.     Despite Plaintiff's repeated demands the Defendants stop their blatant infringement of Plaintiff's mark, Defendants have ignored Plaintiff's good faith efforts to reach an informal resolution of this matter and continued, unabashedly, with their willful and intentional infringement of Plaintiff's mark.

62.     The acts of Defendants of which are complained herein are calculated to deceive the relevant consuming public into accepting and purchasing Defendant Nicole Reed Medical's goods and/or services in the mistaken belief that those goods and/or services are Plaintiff's, or that the goods and/or services are sponsored by, connected with, or supplied under the supervision of Plaintiff.

63.     The acts of Defendants tend to dilute and reduce the value of Plaintiff's goodwill under Plaintiff's distinctive mark and to destroy the exclusive association between Plaintiff and the mark.

64.     Defendant's acts have been and are being committed with the deliberate purpose and intent of appropriating and trading upon Plaintiff's goodwill and reputation.

## VI.  CAUSES OF ACTION

### *INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT*

### *OF A FEDERALLY REGISTERED SERVICE MARK*

### *(15 U.S.C. § 1114(1))*

### *(Reg. No. 4,002,089)*

65.     Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

66.     This is a claim for infringement as to all Defendants, and a claim for contributory infringement as to Defendant Google of a federally registered mark arising under Section 32 of the Lanham Act. 15. U.S.C. § 1114(1).

67.     This claim for infringement pertains to service mark registration number 4,002,089 which was duly and properly issued by the USPTO to Plaintiff.

68.     Defendants have used, are using and will likely continue to use in interstate commerce Plaintiff's valid and federally registered service mark, or a confusingly similar variation thereof, in connection with medical services, namely, dermatological services in such a way as is likely to cause confusion, to cause mistake, and/or to deceive the consuming public.

69.     Plaintiff never consented to or authorized Defendants' adoption or commercial use of the mark for any purpose.   Defendants therefore have infringed and are infringing Plaintiff's service mark in violation of § 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

70.     At all times relevant to this action, including when Defendants first adopted Plaintiff's mark and commenced commercial use of it in connection with medical services, namely, dermatological services, Defendants knew or should have known of Plaintiff's prior adoption and widespread commercial use of the mark and knew of the valuable goodwill and reputation acquired by Plaintiff in connection with Plaintiff's mark.  Defendants' infringement of Plaintiff's mark, including Defendant Google's contributory infringement, is willful and deliberate.

71.     Plaintiff has no control over the quality of Defendants' goods and/or services, and because of the source confusion created by Defendants' willful service mark infringement,

Plaintiff's valuable goodwill in and to its federally registered mark is being significantly harmed. Defendants' use of Plaintiff's mark and variation thereof, including Defendant Google's contributory infringement, has caused confusion, mistake, and deception to purchasers as to the source and origin of Defendants' products and services sold under the mark.

72.     Defendants' activities, including Defendant Google's activities, are intended, and are likely, to lead the public to conclude, incorrectly, that Defendants' products or services originate with, are sponsored by, and/or authorized by Plaintiff and its FLOWER MOUND DERMATOLOGY® brand, to the damage and harm of Plaintiff and the consuming public. Defendants' activities, including Defendant Google's activities, constitute willful and deliberate infringement of Plaintiff's federally registered service mark in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(1).  Accordingly, Plaintiff is entitled to recover Defendants' profits including Defendant Google's profits, together with Plaintiff's damages, increased monetary recoveries as provided by the Lanham Act, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

73.     Defendants' activities, including Defendant Google's activities, have caused and will continue to cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law, in that (i) Plaintiff's mark is a unique and valuable property right that has no readily determinable market value; (ii) Defendants' infringement, including Defendant Google's contributory infringement, constitutes an interference with Plaintiff's reputation as a source of high quality goods and services, as well as to dilute the substantial value of Plaintiff's mark; and (iii) Defendants' wrongful conduct including Defendant Google's wrongful conduct, and the resulting damages to Plaintiff, are continuing and will likely continue in the future.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §

1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other materials in Defendants' possession, custody, or control that bear Plaintiff's mark or infringing variations thereof.

74.     Plaintiff also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement of Plaintiff's federally registered mark.

75.     This is an exceptional case, further entitling Plaintiff to additional remedies and also entitling Plaintiff to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful service mark infringement including Defendant Google's willful service mark infringement, pursuant to 15. U.S.C. § 1117.

*SERVICE MARK INFRINGEMENT AND CONTRIBUTORY INFRINGEMENT,*

*FALSE DESIGNATION IN INTERSTATE COMMERCE; AND UNFAIR COMPETITION*

*(15 U.S.C. § 1125(a))*

76.     Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

77.     This is a claim for infringement as to all Defendants, and a claim for contributory infringement as to Defendant Google for service mark infringement and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

78.     This claim for infringement pertains to Defendants', including Defendant Google's, use of Plaintiff's mark which is distinctive.

79.     Defendants' use and imitation of Plaintiff's mark in connection with goods and services related to medical services, namely, dermatological services is so similar to Plaintiff's mark that Defendants, including Defendant Google, are likely to cause confusion, mistake,

and/or deceive the consuming public as to the affiliation, connection, and/or association between Plaintiff's goods and services and Defendants' goods and services.  Defendants' unauthorized use of Plaintiff's mark infringes the rights Plaintiff possesses in the mark and constitutes unfair competition.  Defendants' unauthorized use, including Defendant Google's use, of Plaintiff's mark also constitutes a false designation of origin of the products and services.

80.     At all times relevant to this action, including at the time Defendants began using Plaintiff's mark and/or similar variations thereof, Defendants, including Defendant Google, knew of Plaintiff's prior adoption and widespread commercial use of the mark and knew of the valuable goodwill and reputation acquired by Plaintiff in connection with Plaintiff's mark. Defendants' infringement, including Defendant Google's contributory infringement, of Plaintiff's mark is therefore knowing, willful, and deliberate.

81.     Defendants' activities, including Defendant Google's activities, are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendants' goods and services originate with, are sponsored by, and/or are authorized by Plaintiff to the damage and harm of Plaintiff and the consuming public.  Defendants' activities, including Defendant Google's activities, constitute willful and deliberate infringement of Plaintiff's mark in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a).  Accordingly, Plaintiff is entitled to recover Defendants' profits, including Defendant Google's profits, together with Plaintiff's actual damages, an increased monetary recovery, as well as costs of the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15. U.S.C. § 1117(a).

82.     Defendants' activities, including Defendant Google's activities, have caused, are causing, and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law, in that: (i) Plaintiff's rights in the mark are unique and valuable property rights which

have no readily determinable market value; (ii) Defendants' infringement, including Defendant Google's contributory infringement, constitutes an interference with Plaintiff's goodwill and customer relationships and will substantially harm Plaintiff's reputation as a source of high quality goods and services, as well as harm the substantial value of Plaintiff's mark; and (iii) Defendants' wrongful conduct including Defendant Google's conduct, and the resulting damages to Plaintiff, are continuing and will continue in the future.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other material in Defendants' possession, custody, or control that bear the Plaintiff's mark or infringing variations thereof.

83.     Plaintiff also is entitled to, in addition to the other remedies described herein, the cost of corrective advertising and a reasonable royalty as a result of Defendants' infringement of Plaintiff's mark.

84.     This is an exceptional case, further entitling Plaintiff to additional remedies and also entitled Plaintiff to recover its attorneys' fees and costs incurred in prosecuting this action and stopping Defendants' willful service mark infringement and unfair competition, pursuant to 15 U.S.C. § 1117.

### *INJURY TO BUSINESS REPUTATION OR TRADE NAME OR MARK/DILUTION*
### (TEX. BUS. & COM CODE § 16.29)

85.     Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

86.     Defendants' use of Plaintiff's mark and/or confusingly similar phrases are likely to, and have, injured Plaintiff's business reputation and have diluted the distinct quality of

Plaintiff's mark and the products and services associated with Plaintiff's mark in violation of TEX. BUS. & COM. CODE § 16.29.

87.     By the actions described herein, Defendants have gained financial benefit for itself and has caused financial loss and damage to Plaintiff.

88.     Such actions by Defendants have caused and will continue to cause Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

## *TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION*

## *( TEXAS COMMON LAW)*

89.     Plaintiff realleges and incorporates by reference the allegations above, as if the same were fully set forth herein.

90.     Defendants' acts infringe Plaintiff's mark in the sale of medical services, namely dermatological services.  Defendants' acts have caused, and are likely to continue to cause, consumer confusion and injury to Plaintiff's business and reputation and to dilute the distinctive quality of Plaintiff's mark, and constitute service mark infringement under Texas common law. Defendant's acts have been and are the proximate cause of injury to Plaintiff.

91.     Absent injunctive relief, Plaintiff has no means to stop Defendants' continuing infringement of Plaintiff's mark.  Plaintiff is therefore entitled to injunctive relief prohibiting Defendants from continuing the unlawful acts described herein.  Plaintiff is also entitled to damages, Defendants' profits, punitive damages, an accounting, costs, attorneys' fees and other damages and monetary relief.

## *CONSTRUCTIVE TRUST*

92.     Plaintiff realleges and incorporate by reference the allegations above, as if the same were fully set forth herein.

93.     Plaintiff is entitled to all profits Defendants has derived from infringement of Plaintiff's rights pursuant to 15 U.S.C. § 1117(a) and the statutory and common law of the United States and the State of Texas.

94.     Plaintiff alleges on information and belief that Defendants own and possess tangible real and personal property and assets consisting of or obtained with profits from or obtained by Defendants' unlawful acts, as alleged herein.

95.     Defendants hold the above-mentioned tangible real and personal property and assets as constructive trustee for the benefit of Plaintiff in an amount to be proven at trial.

## VII.  DAMAGES

96.     As a result of the Defendants' service mark infringement, including Defendant Google's contributory infringement, false designation of origin, false representation in interstate commerce, unfair competition and unjust enrichment, Plaintiff has incurred and/or will incur the following damages:

    A.      Reasonable and necessary attorneys' fees and costs in the proceedings before this court, and those fees required for any appeal to the Court of Appeals, and thereafter to the Supreme Court.

    B.      The loss of profits and any other actual damages sustained by Plaintiff due to Defendants' unlawful conduct;

    C.      Defendants' profits unjustly received due to Defendants' unlawful conduct;

    D.      Reasonable royalties; and

    E.      Statutory damages.

## VIII.  DEMAND FOR JURY

97.   Plaintiff requests a jury trial of all issues in this action so triable.

## IX.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of a judgment ordering and declaring:

1.   that, preliminarily pending trial of this action and permanently thereafter, Defendants and their agents, servants, employees, successors, licensees, and assignees, and all persons, firms, entities, partners, or corporations in active concert or participation with Defendants, are preliminarily and thereafter permanently enjoined from doing, threatening, or attempting to do or cause to be done, either directly or indirectly, by any means, method or device, any of the following acts:

   a.   directly or indirectly infringing, using, or displaying the mark FLOWER MOUND DERMATOLOGY® or any word, term, name, symbol, or device, or combination thereof, in any manner or for any purpose, including, but not limited to, in advertising, promoting, producing, distributing, selling, offering for sale, or giving away any services or products which infringe, use, or display the mark FLOWER MOUND DERMATOLOGY® or any mark similar thereto;

   b.   using any word, term, name, symbol or device that is likely to be confused with Plaintiff's mark;

   c.   falsely representing, misleading, or deceiving consumers into believing that services or products advertised, promoted, produced, distributed, sold, or offered for sale by Defendants originate from

Plaintiff or are sponsored, approved, licensed by, or associated with Plaintiff or its products or service, or that Defendants or their goods and/or services are in some way associated or affiliated with Plaintiff or Plaintiff's products and/or services;

d.  destroying, concealing, altering, or otherwise disposing of any documents, electronically stored information, or other evidence that relates or refers to the advertising, promotion, production, distribution, sale, or giving away Defendants products and/or services which infringe Plaintiff's mark, including, but not limited to, sales, journals, supplier journals, customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, correspondence and email messages;

e.  committing any other acts calculated to or that do unfairly compete with Plaintiff in any manner;

f.  filing or prosecuting any trademark application for the mark FLOWER MOUND DERMATOLOGY® or any mark confusingly similar thereto;

g.  filing or maintaining any business license, d/b/a, or similar document using the mark FLOWER MOUND DERMATOLOGY® or any mark confusingly similar thereto; and

h.  registering or using any trade name or domain name containing or consisting of the mark FLOWER MOUND DERMATOLOGY® or any mark confusingly similar thereto;

2.  that Defendants be required to account for all profits derived by them from its trade, infringing conduct, unfair practices and competition, and for an order of restitution of the entire amount of those profits, in amounts to be proven at trial, to Plaintiff;

3.  that Defendants be required to turn over to be impounded during the pendency of this action all goods and other materials in their possession, custody, or control used or involved in the service mark infringement complained of herein, and to turn over for destruction all such goods and other materials, or in the alternative, that all such items be subject to seizure;

4.  that Defendants be ordered to pay all of Plaintiff's attorneys' fees, costs and disbursements incurred in this suit, in bringing this action for the legal enforcement of its service mark, and in connection with all efforts to stop Defendants' service mark infringement and unfair competition;

5.  that, in addition to being ordered to pay its profits attributable to the infringing conduct complained of herein to Plaintiff, Defendants also be ordered to pay its infringing profits as monetary damages and reasonable royalties, to be increased by the Court by such amount as the Court deems to be just, together with Plaintiff's damages, all of which, according to the circumstances of this case, should be increased and trebled as provided by law, including 15 U.S.C. § 1117, and paid to Plaintiff;

6.  that Defendants be ordered to pay statutory damages according to law;

7.  that Defendants be ordered to pay exemplary or punitive damages to the extent available under, and according to, law;

8.  that the Court finds that Defendants have willfully and deliberately committed actions of service mark infringement and unfair competition against Plaintiff;

9.  that Defendants be ordered to pay interest according to law;

10. that Defendants be ordered to pay the cost of corrective advertising; and

11. for all such other, further, and different relief that this Court deems just, necessary and proper.

Respectfully Submitted,

/s/    *Aaron P. Peacock*
Aaron P. Peacock
State Bar No. 24060399
J.B. Peacock, Jr.
State Bar No. 15678500
David M. Vereeke
State Bar No. 20547500
**GAGNON, PEACOCK & VEREEKE P.C.**
4245 N. Central Expressway
Suite 250, Lock Box 104
Dallas, Texas 75205
Telephone:  (214) 824-1414
Facsimile:  (214) 824-5490
Email:  attorneys@gapslaw.com

ATTORNEYS FOR PLAINTIFF