# United States District Court

EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| FLOWER MOUND DERMATOLOGY, P.A. | § § § | |
| V. | § § § | CASE NO. 4:14-CV-280<br>Judge Mazzant |
| NICOLE REED MEDICAL, PLLC d/b/a CENTER FOR DERMATOLOGY AND COSMETIC LASER SURGERY and d/b/a DERMATOLOGY CENTER OF PLANO; ROBERT SELKIN; BRYAN SELKIN; GILBERT SELKIN; and GOOGLE, INC. | § § § § § § § § § | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Plaintiff and Counter-Defendants' Motion to Dismiss for Failure to State a Claim and to Strike an Insufficient Defense (Dkt. #41). The Court, having considered the relevant pleadings, finds that the motion should be denied.

On September 8, 2014, Plaintiff and Counter-Defendants filed a motion to dismiss (Dkt. #41). On September 25, 2014, Defendants filed a response (Dkt. #47).

## LEGAL STANDARD

Plaintiff and Counter-Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the

---

[1]On October 6, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the presiding United States District Judge, and this memorandum opinion and order is issued accordingly.

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth."

*Iqbal*, 129 S.Ct. at 1951. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

**ANALYSIS**

Plaintiff and Third-Party Defendants ("Counter-Defendants") move for dismissal under Federal Rule of Civil Procedure 12(b)(6) of Defendant and Counter-Plaintiff Nicole Reed's counterclaims for false advertising and cancellation of U.S. Reg. No. 4,089,859, and unclean hands defense. After reviewing the current pleadings, the motion to dismiss and the response, the Court finds that the motion should be denied as to Counter-Plaintiff's counterclaim for false advertising

3

and unclean hands defense. The Court finds that Counter-Plaintiff has alleged sufficient facts for purposes of defeating a Rule 12(b)(6) motion, and accordingly, Counter-Defendants' motion to dismiss should be denied as to these claims.

However, Counter-Defendants also move to dismiss Counter-Plaintiff's counterclaim for cancellation of U.S. Reg. No. 4,089,859. Section 1119 of the Lanham Act provides: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119.

Counter-Defendants contend that Section 1119 is a remedial statute - not a jurisdictional statute. *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc*., 744 F.3d 595, 598-99 (9th Cir. 2014); *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 99 (2d Cir. 2011). "Section 1119 therefore creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction." *Nike, Inc*., 663 F.3d at 98. However, Counter-Plaintiff in this action does not need to establish an independent basis for jurisdiction, as this Court has federal subject matter jurisdiction over the trademark infringement claims asserted under the Lanham Act. The *Airs Aromatics* and *Nike* cases merely stand for the proposition that Section 1119 alone cannot create a basis for federal jurisdiction when all other claims have been denied. The statute itself allows the Court to order the cancellation of registrations "[i]n any action involving a registered mark." 15 U.S.C. § 1119.

Counter-Defendants also assert that whether a Court has jurisdiction to cancel a registration that is not being asserted in the litigation depends on whether such a claim is a compulsory counterclaim. *Va. Polytechnic Inst. & State Univ. v. Hokie Real Estate, Inc*., 813 F. Supp. 2d 745, 753-54 (W.D. Va. 2011) (dismissing a counterclaim to cancel a trademark registration because it

was not a compulsory counterclaim); *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320 (Fed. Cir. 2008) (holding that a claim for trademark invalidity is not a compulsory counterclaim because it did not arise out of the same transaction or occurrence). The Court agrees that Counter-Plaintiff's claim for cancellation is not a compulsory counterclaim; however, the cases cited by Counter-Defendants for this proposition do not hold that the Court only has jurisdiction over the cancellation of registrations that are compulsory counterclaims. In *Virginia Polytechnic*, the court considered whether Virginia Tech waived its Eleventh Amendment sovereign immunity by voluntarily commencing an action in federal court. 813 F. Supp. 2d at 753. The Virginia court held that a state that voluntarily commences an action in federal court only waives its Eleventh Amendment immunity against compulsory counterclaims, and then went on to consider whether the counterclaim at issue was compulsory or not. *Id.* at 753-54. Similarly, in the *Nasalok* case, the Federal Circuit discussed whether a claim for trademark invalidity was a compulsory or permissive counterclaim to a trademark infringement action. 522 F.3d at 1324. In concluding that it was not a compulsory counterclaim, the Federal Circuit went on to find that the claim for trademark invalidity was not barred by *res judicata* on that basis. *Id.* at 1328. Neither of these cases state that the Court's jurisdiction over counterclaims such as the one at issue depends on whether such a claim is a compulsory counterclaim or not. In fact, the statute seems to suggest otherwise, stating that the Court may order the cancellation of registrations "[i]n any action involving a registered mark." 15 U.S.C. § 1119.

Finally, Counter-Defendants contend that Counter-Plaintiff does not have standing to challenge U.S. Reg. No. 4,089,859. The Lanham Act permits cancellation of the registration of a mark on the principal register by anyone "who believes that he is or will be damaged... by the

registration." 15 U.S.C. § 1064. "The party seeking to cancel the registration of a mark must prove two elements: '(1) that it has standing; and (2) that there are valid grounds for canceling the registration.'" *Hidden Values, Inc. v. Wade*, No. 3:11-cv-1917-L, 2012 WL 1836087, at *11 (N.D. Tex. May 18, 2011) (citing *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000)). Counter-Defendants do not suggest that there are not valid grounds for cancelling the registration at this stage in the proceedings. However, Counter-Defendants assert that Counter-Plaintiff lacks standing, again, because the registration at issue has no independent basis for jurisdiction. As stated above, the Lanham Act provides a cause of action to anyone "who believes that he is or will be damaged... by the registration." *Empresa Cubana Del Tabaco v. General Cigar Co., Inc.*, 753 F.3d 1270, 1274 (Fed. Cir. 2014) (citing 15 U.S.C. § 1064). A party may establish standing by showing that it has a "real interest" in the case and a reasonable basis for its belief that it has been or will be damaged. *Id.*; *see also Ritchie v. Simpson*, 170 F.3d 1092, 1095 (Fed. Cir. 1999). Counter-Plaintiff challenges the validity of the trademark registration which includes the phrase "Flower Mound Dermatology," and alleges that she has been sued numerous times for allegedly using the phrase "Flower Mound Dermatology" to advertise her own dermatology services, and has expended attorneys' fees and costs defending herself against such claims. This is sufficient to establish that Counter-Plaintiff has a real interest in cancelling the registrations and a reasonable belief that the registrations are causing Counter-Plaintiff damage. Thus, the Court finds that Counter-Plaintiff has standing, and Counter-Defendants' motion should be denied.

## CONCLUSION

Based upon the findings discussed above, the Court finds that Plaintiff and Counter-Defendants' Motion to Dismiss for Failure to State a Claim and to Strike an Insufficient Defense

(Dkt. #41) is hereby **DENIED**.

    **SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE